BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6874
    Facsimile: (213) 894-0141
    E-mail:    Robert.Quealy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-mj-04835-DUTY-2 |
|     Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
|         v. | |
| JONATHAN REDONDO-ROSALES, | |
|     Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐    1.    Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐    a.    present offense committed while defendant was on release pending (felony trial),

    ☐    b.    defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

---

[1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

|   |   |   |   |
|---|---|---|---|
| | ☐ | c. | defendant may flee; or |
| | ☐ | d. | pose a danger to another or the community. |
| ☒ | 2. | | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| | ☒ | a. | the appearance of the defendant as required; |
| | ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☐ | 4. | | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 2 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 3 |   |   | to community and flight risk); |
| 4 | ☐ | d. | defendant currently charged with an offense described |
| 5 |   |   | in paragraph 5a - 5e below, AND defendant was |
| 6 |   |   | previously convicted of an offense described in |
| 7 |   |   | paragraph 5a - 5e below (whether Federal or |
| 8 |   |   | State/local), AND that previous offense was committed |
| 9 |   |   | while defendant was on release pending trial, AND the |
| 10 |   |   | current offense was committed within five years of |
| 11 |   |   | conviction or release from prison on the above- |
| 12 |   |   | described previous conviction (presumption of danger to |
| 13 |   |   | community). |
| 14 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 15 |   |   | If the Case Involves: |
| 16 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 17 |   |   | § 3156(a)(4)) or Federal crime of terrorism (as defined |
| 18 |   |   | in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum |
| 19 |   |   | sentence is 10 years' imprisonment or more; |
| 20 | ☐ | b. | an offense for which maximum sentence is life |
| 21 |   |   | imprisonment or death; |
| 22 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 23 |   |   | 10 years' imprisonment or more; |
| 24 | ☐ | d. | any felony if defendant has two or more convictions for |
| 25 |   |   | a crime set forth in a-c above or for an offense under |
| 26 |   |   | state or local law that would qualify under a, b, or c |

|    |   |    |                                                                 |
|----|---|----|-----------------------------------------------------------------|
| 1  |   |    | if federal jurisdiction were present, or a combination          |
| 2  |   |    | or such offenses;                                               |
| 3  | ☐ | e. | any felony not otherwise a crime of violence that               |
| 4  |   |    | involves a minor victim or the possession or use of a           |
| 5  |   |    | firearm or destructive device (as defined in 18 U.S.C.          |
| 6  |   |    | § 921), or any other dangerous weapon, or involves a            |
| 7  |   |    | failure to register under 18 U.S.C. § 2250;                     |
| 8  | ☒ | f. | serious risk defendant will flee;                               |
| 9  | ☐ | g. | serious risk defendant will (obstruct or attempt to             |
| 10 |   |    | obstruct justice) or (threaten, injure, or intimidate           |
| 11 |   |    | prospective witness or juror, or attempt to do so).             |

12 ☐ 6. Government requests continuance of _____ days for detention
13       hearing under § 3142(f) and based upon the following
14       reason(s):

15
16  _____
17  _____
18  _____
19 //
20 //
21
22
23
24
25
26
27
28

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: August 5, 2025              Respectfully submitted,

                                   BILAL A. ESSAYLI
                                   Acting United States Attorney

                                   CHRISTINA T. SHAY
                                   Assistant United States Attorney
                                   Chief, Criminal Division

                                    /s/
                                   _____
                                   ROBERT K. QUEALY
                                   Special Assistant United States
                                   Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA