BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6874
     Facsimile: (213) 894-0141
     E-mail:    Robert.Quealy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-679-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF MOTION AND MOTION *IN LIMINE* #1 TO ADMIT EVIDENCE UNDER FED. R. EVID. 404 AND 609 |
| v. | |
| JONATHON REDONDO-ROSALES, | Hearing Date: September 26, 2025 |
| Defendant. | Hearing Time: 8:30 am |
| | Location:    Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K. Quealy, hereby files its Motion in Limine #1 to Admit Evidence Under Federal Rules of Evidence Rules 404 and 609(a).

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

---

[1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

On September 12, 2025, government and defense counsel met and conferred regarding this motion via email. Defense counsel has indicated defendant opposes the relief sought in this motion.

Dated: September 16, 2025          Respectfully submitted,

                                   BILAL A. ESSAYLI
                                   Acting United States Attorney

                                   JOSEPH T. MCNALLY
                                   Assistant United States Attorney
                                   Acting Chief, Criminal Division


                                          /s/
                                   ROBERT K. QUEALY
                                   Special Assistant United States
                                   Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 2, 2025, defendant JONATHON REDONDO-ROSALES ("defendant") forcibly assaulted Federal Protective Service Officer Z.C. by intentionally striking at and hitting Z.C.'s face.  Defendant struck at the victim in an attempt to avoid being detained after defendant had jumped onto the hood of a government vehicle.  For this conduct, defendant has been charged in an information with Simple Assault of a Federal Officer, a Class A Misdemeanor, in violation 18 U.S.C. § 111(a)(1).  Defendant has a prior felony and misdemeanor convictions for domestic violence battery, first-degree residential burglary, stalking, and obstructing law enforcement, and is currently subject to a protective order.

The Court should allow the government to admit evidence regarding defendant's prior acts of violence and obstructing law enforcement under Rule 404.  First, if defendant offers any evidence that he is a peaceful or non-violent person, or that victim Z.C. is a violent person, the government is entitled to offer evidence to rebut this pertinent character trait.  See Fed. R. Evid. 404(a)(2)(A), (B).  Second, if defendant claims he accidentally struck at Z.C. or the assault was the product of self-defense, the evidence regarding defendant's prior convictions for battery and stalking, as well as the nature of the protective order that he is subject to, satisfies the requirements of Rule 404(b)(2) to show defendant's motive, intent, or lack of accident.  Finally, should defendant testify, his prior felony and misdemeanor convictions should be admitted under Rule609 to impeach his credibility.

The government thus respectfully requests the Court grant its Motion in Limine to admit evidence under Federal Rules of Evidence Rules 404 and 609 depending on the arguments and questions of defense counsel at trial, and potential testimony of defendant.

## II.   DEFENDANT's RELEVANT CRIMINAL HISTORY

At trial, the government seeks to introduce the fact of defendant's convictions for the following under Rule 404: (1) a misdemeanor domestic violence battery conviction in Orange County Superior Court Docket 21NM01891 in October of 2021(the "2021 domestic violence conviction); (2) a misdemeanor obstruction of police conviction in Orange County Superior Court Docket 21CM11070 in October 2021; (3) a felony stalking conviction in Orange County Superior Court Docket 21CF3139 in October 2022 (the "2022 stalking conviction"); (4) a felony stalking conviction in Orange County Superior Court Docket 22WF2510 in September 2023 (the "2023 stalking conviction"); and a (5) misdemeanor domestic violence battery conviction in Orange County Superior Court Docket 22CF3464 in September 2023 (the "2023 domestic violence conviction").  The government also seeks to introduce evidence of a June 2023 restraining order issued against the defendant.[1]

The government further seeks to introduce the following convictions under Rule 609(a): (1) the 2022 stalking conviction; (2) the 2023 stalking conviction; and (3) a first-degree residential burglary felony conviction in Santa Ana Superior Court Docket 21CF3139 in October 2022.[2]

---

[1] The government is still investigating the underlying facts of the referenced convictions, prior arrests, and restraining order.

[2] This is the same docket as the 2022 stalking conviction.

2

**III. LAW AND ARGUMENT**

    **A.**    **Defendant's Prior Convictions and Arrests Related to Battery and Stalking Are Admissible at Trial Under Rule 404(a) if Defendant Introduces Character Evidence.**

Under Fed. R. Evid. 404(a)(2)(A), in a criminal case, "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). Similarly, if a defendant offers evidence of an alleged victim's pertinent trait, the prosecutor may "offer evidence to rebut it" and "offer evidence of defendant's same trait." Fed. R. Evid. 404(a)(2)(B). Thus, in an assault case, if the defendant offers evidence of his alleged peacefulness or the victim's alleged violent nature, the prosecution may admit evidence regarding defendant's violent nature.

The defendant has not yet provided notice or produced any reciprocal discovery that could be considered admissible evidence of defendant's peaceful nature, or evidence of victim Z.C.'s violent character. If, however, defendant seeks to introduce such evidence at trial, the prosecution is entitled to offer evidence to rebut it under Fed. R. Evid. 404(a)(2)(A), (B). Here, defendant has prior convictions and/or arrests in 2021 for misdemeanor domestic violence battery, obstructing law enforcement, violating a domestic violence restraining order, in 2022 for felony stalking, and in 2023 for felony stalking and misdemeanor domestic violence batter — all of which are evidence of defendant's violent character. The government, therefore, may inquire into these specific acts on cross-examination. See Fed. R. Evid. 405(a) ("On cross-examination of [a] character

witness, the court may allow an inquiry into relevant specific instances of the person's conduct.").

### B. Defendant's Convictions for Battery and Obstruction Are Also Admissible at Trial Under Rule 404(b) to Prove Defendant's Motive, Intent, and Absences of Mistake and Need for Self-Defense.

Additionally, depending on the defense presented at trial, defendant's convictions are also admissible under Rule 404(b). Evidence of a defendant's other crimes and bad acts is admissible for another purpose besides showing that the defendant acted in accordance with a character trait, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) is a rule of "inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition." United States v. Bradshaw, 690 F.2d 704, 708 (9th Cir. 1982) (citation omitted); see also United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (recognizing that Rule 404(b) "is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity").

The Ninth Circuit has developed a four-part test to determine the admissibility of Rule 404(b) evidence: (1) the evidence tends to prove a material point; (2) the other act evidence is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) the other act is similar to the offense charged. United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008). "Acts both prior and subsequent to the indictment

4

period may be probative to the defendant's state of mind." <u>United States v. Ayers</u>, 924 F.2d 1468, 1473 (9th Cir. 1991) (quoting <u>United States v. Voorhies</u>, 658 F.2d 710, 715 (9th Cir. 1981)).  If the four-part test is satisfied, the evidence is admissible unless "its probative value is substantially outweighed by a danger of ... unfair prejudice."  Fed. R. Evid. 403; <u>see</u> <u>also</u> <u>United States v. Blitz</u>, 151 F.3d 1002, 1008 (9th Cir.1998) (when evidence "satisfies the four-part test, the district court should admit the evidence unless its prejudicial impact substantially outweighs its probative value" (internal quotation marks omitted)).

Here, all four factors weigh towards admitting evidence of the 2021 domestic violence conviction, the 2021 conviction for obstructing law enforcement, and for the 2023 domestic violence conviction.  <u>First</u>, the evidence tends to prove defendant's intent and lack of mistake or lack of reasonable self-defense when he struck towards the victim, namely, that he was the aggressor and intended to strike another person, in this case, law enforcement. <u>Second</u>, the convictions and arrests all occurred within four years of the instant offense and are not too remote in time.  See, e.g., <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 603-04 (9th Cir. 1993) ("We have held that a conviction which occurred five years prior to the charge at issue was not too remote").  <u>Third</u>, the fact of defendant's conviction is sufficient to support a finding that the prior acts occurred.  And <u>fourth</u>, battery is a completed assault and is sufficiently similar to the charged conduct to be probative of defendant's intent and motive.  <u>See</u> <u>United States v. Ramirez-Jiminez</u>, 967 F.2d 1321, 1326 (9th Cir. 1992) ("Thus, for example, we have held that similarity is always required to prove identity of intent. . .

5

.")  Similarly, defendant's obstruction conviction is similar to the instant offense in that defendant committed the assault while attempting to evade arrest or detainment by federal officers.  Here, the fact of defendant's convictions is not so prejudicial as to outweigh the significant probative value, namely, that defendant intended to strike the victim and did so to obstruct their lawful duties.  The previous convictions speak directly to defendant's intent, lack of accident, and absence of mistake or a valid self-defense, and are of extreme probative value.  Indeed, any prejudicial effect is minimal as the jury will see defendant's conduct on video and will be able to use the totality of the evidence before it, including these prior convictions, to arrive at a decision on defendant's intent and conduct.

### C. Defendant's Prior Felony Convictions Are Also Admissible at Trial Under Federal Rule of Evidence 609(a).

Defendant's prior felony convictions for the 2022 and 2023 stalking convictions and his 2022 conviction for first-degree burglary are admissible to impeach defendant's credibility should he testify.  Under Federal Rule of Evidence 609(a), a defendant's prior felony conviction "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant."  Fed. R. Evid. 609.  When balancing the probative value of a prior conviction against its prejudicial effect under Rule 609(a)(1), a court should consider the following five factors: (1) the impeachment value of the prior crime; (2) the point in time of the conviction; (3) the similarity between the past crime and the charged offense; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility.  United States v. Hursh,

6

217 F.3d 761, 768 (9th Cir. 2000) (citing United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987)).  As the Ninth Circuit has explained, a district court is not obliged to let a defendant with a substantial criminal history misrepresent themselves to the jury when they have a record that, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness.  United States v. Cook, 608 F.2d 1175, 1187 (9th Cir. 1979) (en banc), overruled on other grounds, Luce v. United States, 469 U.S. 38, 40 n.3, 43 (1984).

Here, the five factors weigh towards admission of defendant's convictions.  First, defendants repeated convictions for stalking and residential burglary[3] are serious offenses that reflect on defendant's character.  See United States v. Bates, 2012 WL 1599895, at *2-3 (D. Idaho May 7, 2012) (admitting stalking conviction); see also United States v. Oaxaca, 569 F.2d 518, 527 (9th Cir. 1978) (admitting burglary conviction); but see United States v. Glenn, 667 F.2d 1269, 1263 (9th Cir. 1982) (burglary conviction admissible if crime was committed by fraudulent or deceitful means).  Second, the convictions are less than four years old and are not too remote.  See United States v. Browne, 829 F.2d 760, 763 (9th Cir. 1987) (finding the "time factor" to weigh in favor of admissibility because, "[b]y its terms, Rule 609 allows for admissibility of such a prior conviction even where the defendant has been released for up to ten years").  Third, the stalking and burglary convictions are dissimilar

---

[3] Because the burglary conviction is part of the same docket as the 2022 stalking conviction, and California first-degree burglary is, essentially, entering a residence with the intent to commit a felony or steal, it stands to reason that the burglary is premised on entering the residence to commit stalking.

7

from the charged offense and the prior convictions do not share any elements with the current charge.  There is thus little risk of prejudice from their introduction.  <u>Fourth</u> and <u>fifth</u>, defendant's credibility is likely to be central to any testimony he offers.  <u>See</u> <u>United States v. Alexander</u>, 48 F.3d 1477, 1489 (9th Cir. 1995) ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue.").  Defendant may testify that he lacked the requisite intent, made a mistake, or was acting in self-defense.  Any potential prejudice or confusion by the jury of the role of the prior convictions could be resolved by a limiting instruction and not through exclusion.  <u>See, e.g.</u>, <u>United States v. Bradshaw</u>, 690 F.2d 704, 709 (9th Cir. 1982) ("Limiting instructions may reduce or eliminate prejudice which would otherwise occur.").  These prior felony convictions should be admitted to impeach defendant's credibility – which is possibly central to this case – should he testify.

**IV.  CONCLUSION**

    For the foregoing reasons, the government respectfully requests that this Court grant this motion.