BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6874
    Facsimile: (213) 894-0141
    E-mail:    Robert.Quealy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-679-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF MOTION AND MOTION *IN LIMINE* #2 TO PRECLUDE SELF-DEFENSE ARGUMENTS |
| v. | |
| JONATHON REDONDO-ROSALES, | Hearing Date: September 26, 2025<br>Hearing Time: 8:30 am<br>Location:    Courtroom of the Hon. Josephine L. Staton |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K. Quealy, hereby files its Motion In Limine #2 to preclude defendant from raising a self-defense theory at trial.

    This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

---

[1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

On September 12, 2025, government and defense counsel met and conferred regarding this motion via email.  Defense counsel has indicated defendant opposes the relief sought in this motion.

Dated: September 16, 2025          Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       Acting United States Attorney

                                       JOSEPH T. MCNALLY
                                       Assistant United States Attorney
                                       Acting Chief, Criminal Division


                                         /s/
                                     ROBERT K. QUEALY
                                     Special Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 2, 2025, defendant JONATHON REDONDO-ROSALES ("defendant") forcibly assaulted Federal Protective Service Officer Z.C. by intentionally striking at and hitting Z.C.'s face.  Defendant struck at the victim in an attempt to avoid being detained after defendant had jumped onto the hood of a government vehicle.  For this conduct, defendant has been charged in an information with Simple Assault of a Federal Officer, a Class A Misdemeanor, in violation 18 U.S.C. § 111(a)(1).

The Ninth Circuit permits two forms of self-defense: (1) ignorance of the official status of the person assaulted (United States v. Feola, 420 U.S. 671, 686 (1975)); and (2) an excessive force defense (United States v. Span, 970 F.2d 573, 579 (9th Cir. 1992)).  For defendant to argue self-defense at trial under an ignorance defense, he is required to first make an offer of proof that: (1) he did not know the victim was a federal officer or employee; (2) defendant's use of force -- striking at the victim's face -- was reasonably necessary to defend himself against the victim's (purported) immediate use of unlawful force; and (3) such force was no more force than reasonably necessary under the circumstances.  See Ninth Circuit Model Jury Instruction No. 8.3 (2022 ed.).  For defendant to argue self-defense against an excessive use of force, he must show "(1) a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances."  See United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) (cleaned up).

To date, the government has neither received <u>any</u> offer of proof nor expects a meritorious offer of proof as to how defendant can establish a prima face case of self-defense. Because defendant is unable to establish a prima facie case that the elements of self-defense against under either theory are met, the Court should preclude him from raising that affirmative defense at trial.

**II.  FACTUAL BACKGROUND**

On August 2, 2025, defendant was present among a group of protestors at the Alameda Street Entrance to the Roybal Federal Building located on the 500 block of North Alameda Street in Los Angeles. Defendant walked across North Alameda Street towards the federal building as a federal vehicle was exiting onto the street. Defendant stepped in front of the vehicle and then intentionally collapsed on the hood of the car.

As victim Z.C., a Federal Protective Services (FPS) officer, and approximately two other FPS officers approached defendant to detain him for obstructing a government vehicle, defendant retreated from victim Z.C. and swatted with his left hand towards Z.C.'s face. Defendant was holding a straw hat in his left hand at the time of the strike. At the time of the assault, victim Z.C. was reaching towards defendant to detain him.

**Exhibit A: Screen Capture from USAO_000053**

### III. LAW AND ARGUMENT

**A.     The Defendant Must Proffer Prima Facie Evidence for Each Element of His Affirmative Defense.**

"If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding order excluding self-defense theory at trial when defense proffer was insufficient to meet elements as matter of law); see also United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (discussing requirement defendant proffer elements of self-defense before trial).

While this prima facie burden is not a high one, defendant still needs to put forth "evidence upon which the jury could rationally sustain the defense." United States v. Houston, 648 F.3d 806, 816 (9th Cir. 2011) (upholding preclusion of affirmative defense of duress based on insufficient proffer). As the Supreme Court has made clear, the requirement that a defendant first establish a prima facie case for each element of an affirmative defense is an important

3

protection against "wasting valuable trial resources." United States v. Bailey, 444 U.S. 394, 417 (1980).

### B. Defendant Cannot Establish a Prima Facie Case for Each Element of Self Defense.

Here, defendant cannot proffer prima facie evidence of any of the three required elements of self-defense, let alone all of them. The elements for self-defense set forth in the Model Ninth Circuit Jury Instructions, 8.3 Assault on Federal Officer or Employee— Defenses are: (1) the defendant did not know that the victim was a federal officer or employee; (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force; and (3) the defendant used no more force than appeared reasonably necessary in the circumstances. See Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.) (emphasis added).

First, there is no reasonable dispute that defendant did not know that the victim was a federal officer. Defendant was present with a group of protestors outside a federal building, the victim was wearing a uniform at the time of the assault clearly identifying him as a federal officer, and the victim approached the defendant with other uniformed officers to detain the defendant after the defendant jumped onto a federal vehicle and attempted to flee.

Second and third, defendant cannot establish that he reasonably believed he needed to use force to defend himself from an immediate use of unlawful force or that the force he used was no more than was reasonably necessary. As an initial matter, defendant has no right to resist a detention -- lawful or unlawful. See, e.g., United States v. Span, 970 F.2d 573, 579 (9th Cir. 1992); Arpin v. Santa

4

Clara Valley Transp. Agency, 261 F.3d 912, 921 (9th Cir. 2001) ("The absence of probable cause does not grant an individual the right to offer resistance. . . . An individual's limited right to offer reasonable resistance is only triggered by an officer's bad faith or provocative conduct."); Robinson v. City of San Diego, 954 F. Supp. 2d 1010, 1023 (S.D. Cal. 2013) ("[I]f a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force . . . to resist such arrest. Even if the arrest was unlawful, that would not justify or excuse an assault upon the officer. The remedy for improper police conduct is in the courts, not in private reprisal.")

Nor could defendant reasonably believe he needed to use force to "defend" himself. Rather, the officers were lawfully detaining defendant after he had jumped on a federal vehicle. Victim Z.C.'s contact with defendant was thus not a use of unlawful force such that an objectively reasonable person in defendant's position would believe self-defense to be necessary. See United States v. Streit, 962 F.2d 894, 899 (9th Cir. 1992), as amended (Apr. 23, 1992) (upholding preclusion of self-defense theory at trial because federal agents were justified in using force to restrain defendant during arrest and defendant had no right to respond with force in self-defense); see also United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) (an objective standard, rather than a subjective one, applies to the requirement that there be a reasonable belief that self-defense was necessary).

To the contrary, defendant escalated the encounter when he swatted at the victim's face. In such circumstances, defendant is

5

"foreclosed from presenting a theory of self-defense because he preemptively attacked." United States v. McNeal, 765 F. App'x 193, 194 (9th Cir. 2019); Acosta-Sierra, 690 F.3d at 1126 ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

### C. Defendant Cannot Establish Prima Facie Evidence of the Elements of Self Defense from Excessive Force.

An individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a "narrow range of circumstances." Acosta-Sierra, 690 F.3d at 1126; Span, 970 F.2d at 580 (noting that an individual has a limited right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct). Only in those "narrow circumstances" does a defendant not need to establish he was ignorant the victim was a federal officer or employee. See United States v. Ornelas, 906 F.3d 1138, 1148 (9th Cir. 2018). Defendant must, however, still offer evidence to show "(1) a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." Acosta-Sierra, 690 F.3d at 1126 (cleaned up); United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011).

There is nothing in the record to suggest victim Z.C. used unlawful excessive force, or any other provocative conduct, against defendant. And for the reasons already discussed above, defendant cannot meet the burden to show she both (1) reasonably believed that use of force was necessary to defend herself against the immediate

use of unlawful force, and (2) used no more force than reasonably necessary in the circumstances.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant its motion.