BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6874
     Facsimile: (213) 894-0141
     E-mail:    Robert.Quealy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-679-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF MOTION AND MOTION *IN LIMINE* #3 TO EXCLUDE POST-ASSAULT EVIDENCE |
| v. | |
| JONATHON REDONDO-ROSALES, | Hearing Date: September 26, 2025 Hearing Time: 8:30 am |
| Defendant. | Location:    Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K. Quealy, hereby files its Motion In Limine #3 to exclude evidence of defendant's arrest after the assault against Federal Protective Services Investigator Z.C., including any testimony or argument regarding how defendant was arrested, under Federal Rules of Evidence Rules 401, 402, and 403.

---

[1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

On September 12, 2025, government and defense counsel met and conferred regarding this motion via email.  Defense counsel has indicated defendant opposes the relief sought in this motion.

Dated: September 16, 2025          Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  Acting United States Attorney

                                  JOSEPH T. MCNALLY
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division


                                  _____/s/_____
                                  ROBERT K. QUEALY
                                  Special Assistant United States
                                  Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

On August 2, 2025, defendant JONATHON REDONDO-ROSALES ("defendant") forcibly assaulted Federal Protective Service ("FPS") Officer Z.C. by intentionally striking at and hitting Z.C.'s face. Defendant struck at the victim in an attempt to avoid being detained after defendant obstructed law enforcement by jumping onto the hood of a moving government vehicle.  After striking the victim, he and other FPS officers arrested defendant.  For this conduct, defendant has been charged in an information with Simple Assault of a Federal Officer, a Class A Misdemeanor, in violation 18 U.S.C. § 111(a)(1). Defendant should be excluded from offering any evidence or argument regarding how defendant was arrested, specifically, any evidence or argument regarding the amount of force used by the arresting officers.

Any testimony or argument regarding the force used to detain and arrest defendant is plainly irrelevant under Federal Rules of Evidence Rules 401 and 402 because the purported evidence happened after defendant assaulted victim Z.C.  Therefore, such evidence is irrelevant to whether defendant intentionally and forcibly assaulted Z.C. or any theory of self-defense, as it comes after the assault.

Even if the Court were to find such evidence relevant, which it is not, it should be excluded under Federal Rule of Evidence Rule 403.  Immigration enforcement is a highly politicized issue – especially now –, and defendant's assault of Z.C. in this case occurred during a protest of immigration enforcement.  Admission of evidence of how defendant was arrested risks producing a decision based not on the law and the evidence presented at trial, but on

1  unfair prejudice and emotion that would mislead the jury regarding

2  the elements of the offense and their duties.  This is exactly what

3  Rule 403 is designed to prevent.

4  **II.  STATEMENT OF FACTS**

5       As described more fully in the government's motion in limine #2

6  to preclude defendant's argument for self-defense, which is

7  incorporated here by reference, on August 2, 2025, defendant was

8  present among a group of protestors at the Alameda Street Entrance to

9  the Roybal Federal Building located on the 500 block of North Alameda

10 Street in Los Angeles.  Defendant walked across North Alameda Street

11 towards the federal building as a federal vehicle was exiting onto

12 the street.  Defendant stepped in front of the vehicle and then

13 intentionally collapsed on the hood of the car.

14      As victim Z.C., an FPS officer, and approximately two other FPS

15 officers approached defendant to detain him for obstructing a

16 government vehicle, defendant retreated from victim Z.C. and swatted

17 with his left hand towards Z.C.'s face.  Defendant was holding a

18 straw hat in his left hand at the time of the strike.  At the time of

19 the assault, victim Z.C. was reaching towards defendant to detain

20 him.  After swatting at victim Z.C., defendant fell backwards onto

21 the pavement.  As Z.C. and another FPS officer attempted to arrest

22 defendant, defendant continued to resist.  Another FPS Officer

23 ultimately tackled defendant to the ground.

24 **III. ARGUMENT**

25      Any video, testimony, or argument regarding how defendant was

26 arrested is inadmissible under Federal Rules of Evidence Rules 401,

27 402, and 403.

28

**A.    Evidence of Defendant's Post-Assault Arrest is Irrelevant and Therefore Inadmissible.**

Evidence of defendant's post-assault arrest is inadmissible because it is irrelevant under Rule 402.  Generally, evidence is admissible if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. R. 401.  Evidence that does not meet this definition is inadmissible.  Fed. R. Evid. R. 402.  Evidence of defendant's post-assault is not probative of defendant's state of mind.  Even if the Court were to entertain defendant's arguments regarding self-defense, which the Government addresses in its separate motion <u>in limine</u> #2, such evidence would still be inadmissible because it is not relevant to whether the defendant reasonably believed that force was necessary to defend against an immediate use of lawful or unlawful force by Z.C.  Thus, the evidence and argument should be excluded.

**B.    Evidence of Defendant's Post-Assault Arrest is Inadmissible under Rule 403.**

Any videos, testimony, or argument regarding how defendant's post-assault arrest is inadmissible under Federal Rule of Evidence Rule 403.  Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue waste of time, or needlessly presenting cumulative evidence."  Fed. R. Evid. R. 403. "Unfair prejudice means undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  <u>United States v. Hankey</u>, 203 F.3d 1160, 1172 (9th Cir. 2000) (internal

quotations marks and citation omitted).  For the reasons stated above, evidence of defendant's post-assault arrest is irrelevant to the issues of whether defendant knowingly assaulted Z.C. or whether defendant reasonably believed that striking Z.C. was necessary to defend against an immediate use of unlawful force by Z.C.  Even if the Court found this evidence had some minor probative value, which it does not, that probative value would be substantially outweighed by its tendency to cause unfair prejudice, confuse of the issues, mislead the jury, and waste time.  The charged crime in this case is misdemeanor assault on a federal officer.  The trial turns entirely on the events prior to defendant's arrest, namely the circumstances of the assault, and whether defendant has any valid claim of self-defense.  To permit such evidence would instead focus the jury's attention on what happened after the assault which is irrelevant – and would simply be a ploy to elicit sympathy from the jury.  Such evidence would be unfairly prejudicial because it invites the jury to make a decision on an improper emotional basis.

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion.