BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6874
    Facsimile: (213) 894-0141
    E-mail:    Robert.Quealy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JONATHON REDONDO-ROSALES,<br><br>        Defendant. | No. CR 25-679-JLS<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 10/07/25<br>**PROPOSED TRIAL DATE:** 10/21/25 |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K. Quealy, and defendant Jonathon Redondo-Rosales ("defendant"), both individually and by and through his counsel of record, Katherine McBroom, hereby stipulate as follows:

1. The Information in this case was filed on August 15, 2025. Defendant first appeared before a judicial officer of the court in

---

[1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

which the charges in this case were pending on August 5, 2025.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 24, 2025.

    2.   On August 25, 2025, the Court set a trial date of October 7, 2025, and pretrial conference date of September 26, 2025.

    3.   Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately one to two days.

    4.   By this stipulation, defendant moves to continue the trial date to October 21, 2025, and the pre-trial conference date to October 9, 2025.  This is the first request for a continuance.

    5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.   Defendant is charged with a violation of 18 U.S.C. § 111(a)(1):  Simple Assault of a Federal Officer, a Class A Misdemeanor.  The government has produced discovery to the defense, including bystander and surveillance videos of the incident and records regarding defendant's criminal history.

        b.   Defense counsel is presently scheduled to be in the following trials and accordingly represents that she will not have the time that she believes is necessary to prepare and be available to try this case on the current trial date:

            i.   a four week trial in <u>People v. Kenneth Bell</u>, Case No. 25CMCF00970, on November 7, 2025;

            ii.  a three to four week trial in <u>People v. Christopher Lam</u>, Case No. SA107765, on January 8, 2026;

        iii. a two day trial in <u>United States v. Cortez-Garcia</u>, Case No. 2:25-CR-00478, on October 28, 2025;

        iv.  a two to three week trial in <u>United States v. David Brown</u>, Case no. 2:25-cr-00691-AB, on November 4, 2025;

        v.   A seven to ten day trial in <u>United States v. Avila et al.</u>, Case No. 2:24-cr-00461-FMO-5, on November 18, 2025, which defense counsel believes may be continued;

        vi.  A multi-week trial in <u>United States v. Jamarillo et al.</u>, Case No. 2:23-cr-00411, on March 10, 2026,

        vii. A one week trial in <u>United States v. Nathaniel McGuire</u>; Case No. 2:24-cr-629-TJH, on April 7, 2026; prior continuances

    c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    e.   The government does not object to the continuance.

    f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of

3

the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 7, 2025, to October 21, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 22, 2025    Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
ROBERT K. QUEALY
Special Assistant United States Attorney

JOSHUA J. LEE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Jonathon Redondo-Rosales's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 21, 2025, is an informed and voluntary one.

_____   Date 9/22/25
KATHERINE MCBROOM
Attorney for Defendant
Jonathon Redondo-Rosales


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 21, 2025.

_____   Date 9/22/25
JONATHON REDONDO-ROSALES
Defendant