Katherine McBroom, CBN 223559
KAEDIAN LLP
280 S. Beverly Drive, Suite 209
Beverly Hills, CA 90212
Telephone: (310) 893-3372
Fax: (310) 935-0323
kmcbroom@kaedianllp.com

Attorney for Defendant
JONATHAN REDONDO-ROSALES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN REDONDO-ROSALES<br><br>Defendant. | CASE NO. CR 25-679-JLS<br><br>JONATHAN REDONDO-ROSALES' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #1 TO ADMIT EVIDENCE UNDER FED. R. EVID. SECTIONS 404 AND 609<br><br>Hearing Date: October 10, 2025<br>Hearing Time: 8:30 a.m.<br>Trial Date: October 21,<br>Location: Courtroom of the Hon. Josephine L. Stanton |

Defendant Jonathan Redondo-Rosales, through his counsel of record, Katherine C. McBroom, hereby files his Opposition to the government's Motion *in Limine* # 1 to admit evidence under Federal Rules of Evidence 404 and 609 concerning Mr. Redondo-Rosales' prior convictions. (Dkt. 32).

– 1 –

## I. INTRODCUTION

On August 2, 2025, Defendant Jonathan Redondo-Rosales ("Mr. Redondo-Rosales") attended a protest on Alameda Street in downtown Los Angeles. A number of Department of Homeland Security, Federal Protective Service Inspectors were guarding the entrance of the Edward R. Roybal Federal Building and the Metropolitan Detention Center. Mr. Redondo-Rosales came to the officers' attention when he stood in front of a vehicle which was attempting to turn onto Alameda Street from a driveway.

Instead of immediately stopping the car or backing up, the car rolled forward and Mr. Redondo-Rosales rolled onto the hood. When the car stopped, Mr. Redondo-Rosales slipped off car, moved backwards, and was pursued by two officers. The government claims that, at that time, Mr. Redondo-Rosales intentionally struck officer Z.C. in the face. However, video evidence shows that officer Z.C. shoved Mr. Redondo-Rosales as he was moving backward, taking Mr. Redondo-Rosales off his feet and landing him onto his back on the concrete. Then, as Mr. Redondo-Rosales attempted to get to his feet, another officer tackled him from behind and took him to the ground a second time. As he was being pinned down by three officers, a fourth officer maced Mr. Redondo-Rosales in the face. Mr. Redondo-Rosales was then escorted to a detention area. He sustained injuries to this face, left shoulder, left arm, and the palm of his right hand.

The government seeks to admit records of Mr. Redondo-Rosales' prior convictions at trial. These records are inadmissible propensity evidence. The government's mere description of the priors as evidence material to "intent" does not make it so. In fact, use of the prior convictions and prior bad acts to demonstrate intent is absolutely prohibited. The fact that the government seeks its admission to rebut character evidence reveals precisely what this is – evidence of bad character meant to paint Mr. Redondo-Rosales as a violent person, someone

likely to have committed the crime alleged. The Court should deny the government's request and should not admit the evidence requested.

II. **STATEMENT OF FACTS**

The government wishes to admit at trial the following criminal convictions and prior acts under Federal Rule of Evidence 404:

- 2021 - Case No. 21NM01891
  - misdemeanor domestic violence in violation of Penal Code section 243(e)(1)
- 2021 – Case No. 21CM11070
  - Misdemeanor obstruction a public officer in violation of Penal Code section 148(a)(1)
- 2022 – Case No. 21CF3139
  - Felony stalking in violation of Penal Code section 649.9(a)
- 2023 – Case No. 22WF2510
  - Felony stalking with restraining order in violation of Penal Code section 646.9(b)
  - Evidently, the government is also seeking to introduce evidence of the restraining order at issue in this matter. The government claims it is still investigating the underlying facts.
- 2023 – Case No. 22CF3464
  - Misdemeanor battery with injury in violation of Penal Code section 243(d)

Pursuant to Federal Rule of Evidence 609(a), the government seeks to introduce the following convictions should Mr. Redondo-Rosales testify at trial:

- 2022 – Case No. 21CF3139
  - Felony stalking in violation of Penal Code section 649.9(a)
  - Felony burglary in violation of Penal Code section 459
- 2023 – Case No. 22WF2510

- Felony stalking with restraining order in violation of Penal Code section 646.9(b)

*The government has not produced discovery related to the convictions they seek to admit.*

### III.  ARGUMENT

#### A. The Government Seeks to Admit Evidence in Violation of Federal Rules of Evidence 404(b)(1) and (3)

The Government seeks to admit at trial evidence of Defendant Redondo-Rosales' prior convictions and past uncharged misconduct to rebut (1) any character evidence that Mr. Redondo-Rosales might present that he is a peaceful, non-violent person or (2) any evidence that Mr. Redondo-Rosales accidentally struck the complaining witness or acted in self-defense.

As to point no. (1), the defense understands the argument that *some past conduct* could be admissible to challenge character evidence that one is peaceful – but that's not what the government seeks to do. They seek to introduce records, not witnesses, in violation of Rule 404(b)(1) and (3).

Additionally, while the Government has provided CLETS and Department of Motor Vehicle, they have provided no notice of the *evidence* which those records purportedly describe.  Federal Rule of Evidence 404(b)(3) provides:

> Notice in a Criminal Case. In a criminal case, the prosecutor must:
> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack pretrial notice

To date, no such evidence has been provided to the defense.  Accordingly, such evidence cannot be introduced at trial.

### B. Evidence of Prior Convictions Is Inadmissible When Offered as Propensity Evidence

The government improperly seeks to establish that Mr. Redondo- Rosales has a proclivity towards violence and thus committed the act alleged by admitting evidence of prior convictions for battery, stalking, and obstruction. The government's logic is this: that because Mr. Redondo-Rosales was previously convicted of battery, stalking, and obstructing, he intended to the strike the officer in this case. The proffered evidence is categorically impermissible propensity evidence. Fed. R. Evid. 404(b)(1). There is no propensity-free logical thread connecting the prior convictions to the current offense. Fed. R. Evid. 404(b)(2).

"Courts, as gatekeepers of evidence, are tasked with ensuring that a jury convicts a defendant based only on his alleged conduct and mental state underlying the charged crime, not based on his generalized disposition or tendency to act in a particular way." *U.S. v. Charley*, 1 F.4th 637, 640 (9th Cir. 2021). Evidence of similar other acts "proves nothing but the defendant's criminal propensities." *Id.* "If, on the other hand, the evidence is relevant for some other purpose —using a propensity-free chain of reasoning—Rule 404 does not prevent its admission." *Id.*

Rule 404(b) permits the admission of evidence for a non-propensity purpose, "such as proving motive, opportunity intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." To admit evidence under Rule 404(b)(2), the government must show that:

> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (recency); and (4) the act is similar to
> the offense charged (similarity)

*Id.* at 647 (internal quotation marks and citation omitted). With respect to the materiality requirement, "the first prong of the 4-part test—the government must

articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *U.S. v. Mayans*, 17 F.3d 1174, 1181(9th Cir. 1994) (internal quotation marks and citation omitted). The government has failed to do so here.

The Ninth Circuit has emphasized that the logical connection between the other act and the fact of consequence in the current action must be supported by some "propensity free chain of reasoning." *Charley*, 1 F.4th at 650-51 (quoting *United States v. Rodriguez*, 880 F.3d 1151, 1168 (9th Cir. 2018) (quoting *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014)(en banc))). "[T]the district court should not just ask *whether* the proposed other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *Gomez*, 763 F.3d at 856.

Here, the government plainly admits that the proffered evidence is character evidence. Indeed, they seek to present evidence of prior convictions for stalking, battery, and obstruction pursuant to Rule 404(a)(2)(A), (B) should the defense present evidence of Mr. Redondo-Rosales' peaceful nature or of Z.C.' violent character. (Dkt. 32, p. 3.) Put simply, if the defense puts on evidence of good character, the government will seek to put on evidence of bad character in the form of records of prior convictions. The proffered evidence cannot possibly be admitted for some other ***propensity-free*** purpose.

The government claims, aside from rebutting evidence of Mr. Redondo-Rosales' good character, the proffered evidence is admissible under Rule 404(b) to demonstrate Mr. Redondo's Rosales' intent to strike Z.C. and that Mr. Redondo-Rosales, and not Z.C. was the aggressor. The government argues that should Mr. Redondo-Rosales hold the government to its burden, by raising self-defense or inadvertent contact, the government will seek to admit evidence of prior crimes to prove intent.

– 6 –

By the government's logic, if the defense cross-examines witnesses concerning the possibility of accident or self-defense or calls witnesses who state that Mr. Redondo-Rosales might have accidentally made contact with Z.C. or did not strike him at all, evidence of Mr. Redondo-Rosales' violent criminal convictions and propensity for violence will come before the jury. This is wholly improper. Essentially, the government seeks to remove the presumption of innocence and shift the burden of proof to the defense by characterizing Mr. Redondo-Rosales as a violent criminal who could not possibly have been acting in self-defense or who inadvertently made contact with the officer.

As the Ninth Circuit has noted, the court must consider whether this evidence is aligned to prove "nothing but the defendant's criminal propensities." *U.S. v. Sneezer*, 983 F.2d 920, 924 (9th Cir. 1992) (internal citation omitted). Even so, the Ninth Circuit's analysis and approach to admission of prior acts has been called into question. As noted by one scholar:

> The core purpose of the rule is to focus jurors' attention on the specific act alleged, such as an alleged assault against a certain person on a certain date at a certain time, rather than on the general disposition of the person alleged to have committed the act. For example, the rule would prohibit a prosecutor from using evidence of a criminal defendant's prior conviction for assault—an "other act"—to prove that the defendant is a violent person—character—and therefore he likely is guilty of a current assault charge—action in accordance with character. Despite this prohibition, other-acts evidence, especially evidence of prior criminal convictions, is routinely admitted against criminal defendants on the basis of a prosecutor's invocation of a non-character purpose.

Dorie Klein, *One Step Backward: The Ninth Circuit's Unfortunate Rule 404(b) Decision in United States v. Lague*, 55 Loy. L. A. L. Rev. 739 (2022). In rejecting the Ninth Circuit standard, the Seventh Circuit has concluded:

> The principle that emerges . . . is that the district court should not just ask whether the proposed other-act evidence is relevant to a non-

>propensity purpose but how exactly the evidence is relevant to that purpose-or more specifically, how the evidence is relevant without relying on a propensity inference.

*U.S. v. Gomez*, 763 F.3d 848, 856 (7th Cir. 2014). The Third Circuit stated, "[T]he proponents of Rule 404(b) evidence must do more than conjure up a proper purpose – they must also establish a chain of inferences no link of which is based on a propensity interference." *U.S. v. Smith*, 725 F.3d340, 345 (3d Cir. 2013).

The opinions rejecting the Ninth Circuit approach "properly find insufficient the mere invocation of some non-character purpose for admitting other-acts evidence and instead require a careful analysis of how the other-acts evidence helps to prove the non-character purpose." Klien, *One Step Backward* at 764.

Here, the government is doing nothing more than conjuring up a proper purpose for what is clearly propensity evidence. And appears to be doing so not only to paint Mr. Redondo-Rosales as a dangerous criminal, but also to prevent him from asserting inadvertent contact or self-defense, in any capacity, at trial. The government cannot use evidence of prior convictions to avoid or shift their burden. The proffered evidence is inadmissible and must be excluded.

### C. Evidence of Prior Convictions is Unduly Prejudicial, Confuses the Issues, Will Mislead the Jury, and is a Waste of Time

The proffered evidence is not sufficiently targeted to prove required elements of the offense at issue thus diminishing its probative value relative to its prejudicial effect. "Even where 404(b) evidence falls within a permitted purpose, it should be excluded, under Rule 403, if the court finds that its probative value is substantially outweighed by a danger of unfair prejudice." *U.S. v. Preston*, 873 F.3d 829, 840 (9th Cir. 2017).

The admission of 404(b) evidence is unduly prejudicial to Mr. Redondo-Rosales, will confuse the jury, and will consume undue time. The evidence, despite the government's characterization of it, will no doubt paint Mr. Redondo-Rosales as a violent, dangerous person, thus violating Mr. Redondo-Rosales'

right to fair trial and deny him due process and jury impartiality. Admission of the evidence effectively removes the presumption of innocence and places the burden on defense to prove Mr. Redondo-Rosales did not commit the act alleged.

Additionally, if these convictions are admitted, Mr. Redondo-Rosales will have no choice but to present evidence to address the underlying facts of the prior cases and what ultimately led to these convictions. A two to three day trial as to whether Mr. Redondo-Rosales intentionally struck an officer will become a series of mini-trials concerning Mr. Redondo-Rosales priors.

### D. The Proffered Evidence Should Not be Admitted Under Rule 609

Under Rule 609, prior felony convictions may be admitted for impeachment purposes if their probative value outweighs their prejudicial effect. However, Ninth Circuit courts have consistently emphasized the need to carefully balance these factors, particularly when the prior convictions do not involve dishonesty or false statements.

The prosecution bears the burden of establishing that the probative value of admitting a prior conviction outweighs its prejudicial effect under Rule 609(a)(1). *U.S. v. Bagley,* 772 F.2d 482, 487 (9th Cir. 1985), *U.S. v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995). Rule 609 embodies greater protections against prejudice for criminal defendants than for other witnesses. Specifically, when the government seeks to introduce a prior conviction against the defendant, Rule 609 reverses the balancing of probative value and prejudicial effect that courts customarily undertake under Rule 403. Whereas Rule 403 encourages admission of evidence unless its probative value is substantially outweighed by the danger of prejudice, Rule 609 permits prior convictions to be admitted only when their probative value outweighs their prejudicial effect. The Ninth Circuit has elevated this hurdle, stating that the "government bears the burden of showing that the

evidence's probative value substantially outweighs its prejudicial effect." *U.S. v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987).

       1. <u>The Probative Value of Mr. Redondo-Rosales' Prior Convictions Do Not Outweigh the Substantial Prejudicial Effect Under Rule 609(A)(1)</u>

The first prong of Federal Rule of Evidence 609 bars admission of evidence that an accused has been convicted of a crime unless the court determines that the probative value of admitting this evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1). The court considers five factors in determining whether to admit evidence of priors: (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *Alexander,* 48 F.d at 1488.

The government cannot meet its burden. Prior felony convictions for burglary and stalking have little or no impeachment value because they do not relate to Mr. Redondo-Rosales' truthfulness. Under these circumstances, the Ninth Circuit has advised that courts should exclude the prior conviction(s), "with a warning to the defendant that any misrepresentation of his background on the stand will lead to admission of the conviction for impeachment purposes." *U.S. v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979). Given the very real potential for prejudice, the balance under Rule 609 tips decisively against admission of the proffered evidence.

       2. <u>Mr. Redondo-Rosales' Prior Convictions Are Inadmissible Under 609(a)(2) Because They Do Not Involve Acts of Dishonesty or False Statements</u>

Under the second prong of Rule 609, the proffered evidence is also inadmissible because its cannot be "readily determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false

statement" by Mr. Redondo-Rosales. Fed. R. Evid. 609(a)(2). Mr. Redondo-Rosales' prior convictions do not involve elements of deceit, untruthfulness, or falsification bearing upon his propensity to testify truthfully. *U.S. v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) ("generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2)."). Accordingly, his convictions are not admissible under Rule 609(a)(2).

   3. <u>Mr. Redondo-Rosales' Prior Convictions Are Not Admissible Under Rule 403</u>

For the reasons set forth in detail herein, evidence of Mr. Redondo-Rosales's prior convictions is unduly prejudicial, will confuse and mislead the jury, and will consume undue time. The jury is likely to convict Mr. Redondo-Rosales based on evidence that he committed a felony criminal act in the past, not based on the testimony of percipient witnesses to the event at issue. Even if Mr. Redondo-Rosales were to testify at trial, the danger of unfair prejudice would substantially outweigh any possible relevance of the prior convictions.

   4. <u>Should The Court Allow Any off Mr. Redondo-Rosales's Three Felony Convictions to Be Admitted Pursuant to FRE 609, They Should Be Limited In Number And Sanitized</u>.

Should the Court deem any or all of the felony convictions relevant, the Court should limit the Government to asking about the number of convictions and prohibit the Government from naming the offenses or describing the conduct. In *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (citing *United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc), *overruled on other grounds*, *Luce v. United States*, 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984), the Court detailed a five-factor test the trial court must when determining whether a prior conviction can be read into evidence to impeach a witness: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent

criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue.

> While a trial court need not analyze each of the five factors explicitly, "the record should reveal, at a minimum, that the trial judge was aware of the requirements of Rule 609(a)(1)." *United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000).

In *Ochoa v. Cty. of Kern*, 628 F. Supp. 3d 1006, 1012 (E.D. Cal. 2022), the court held:

> [A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (quoting *U.S. v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). "Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the [witness's] credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *U.S. v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)) (quoted text in both decisions referred to "defendant's credibility" specifically).

Such limitations must be applied here – the Government is clearly precluded from discussing the events that underlie the convictions. Moreover, describing the "general nature" of a stalking crime in particular, in today's climate, is highly prejudicial and not probative of the current offense at all. As such, the term "stalking" should not be mentioned.

Accordingly, the defense requests that – should the defendant testify, and the Court deem one or more of his prior convictions admissible – the Government's inquiry should be limited to the fact that he is a convicted felon.

///
///
///
///
///

## IV. **CONCLUSION**

For the foregoing reasons, the defense respectfully requests that the Court deny the government's motion to admit prior convictions. Should this Court deem one or more of the prior convictions admissible, the Government's inquiry should be limited to asking whether or not the defendant is a convicted felon.

DATED: September 25, 2025

/s/
_____
Katherine McBroom
Attorney for JONATHAN REDONDO-ROSALES