BILAL A. ESSAYLI
Acting United States Attorney
JOSPEH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
Major Frauds Section
JOSHUA J. LEE (Cal. Bar No. 318332)
Acting Deputy Chief, Domestic Security &
Immigration Crimes Section
    1100/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6874 / 3183
    Facsimile: (213) 894-0141
    E-mail: Robert.Quealy@usdoj.gov
        Joshua.Lee2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-679-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO COMPEL GRAND JURY INFORMATION AND TRANSCRIPTS (DKT. 43) |
| v. | |
| JONATHON REDONDO-ROSALES, | Trial Date: October 21, 2025 |
| Defendant. | Trial Time: 9:00 a.m. |
| | Location: Courtroom of the Hon. Josephine L. Staton |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K. Quealy and Assistant United States Attorney Joshua J. Lee, hereby

---

[1] Authorized to practice pursuant to Local Rule 83-2.1.4.2.

files its opposition to defendant's motion in limine to compel grand jury information and transcripts.  (Dkt. 43.)

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 2, 2025            Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  Acting United States Attorney

                                  JOSEPH T. MCNALLY
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division


                                              /s/
                                  _____
                                  ROBERT K. QUEALY
                                  Special Assistant United States
                                  Attorney

                                  JOSHUA J. LEE
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3       Defendant Jonathon Redondo-Rosales is on a fishing expedition.

4  Defendant is charged by information with misdemeanor assault on a

5  federal officer, in violation of 18 U.S.C. § 111(a)(1).

6  Notwithstanding the fact that defendant was charged via information

7  with a misdemeanor, and therefore his case was not even required to

8  be presented to a grand jury, defendant seeks secret grand jury

9  material based on nothing more than bald speculation.  Defendant's

10  claim is based on speculation that his case was presented to the

11  grand jury, speculation that an indictment was not returned, and

12  speculation even further that whatever occurred in secret grand jury

13  proceedings falls under the narrow exceptions to grand jury secrecy

14  or is <u>Brady</u> material and must be produced.

15       Defendant's desire to engage in a fishing expedition is no

16  reason to violate the requirements of grand jury secrecy.  Rule

17  6(e)(2)(B) of the Federal Rules of Criminal Procedure prohibits the

18  disclosure of any information that would reveal "matters occurring

19  before the grand jury."  This prohibition is broad.  Courts

20  construing Rule 6(e), including the Ninth Circuit, have stated that

21  it extends to "anything which may reveal what occurred before the

22  grand jury," or "information which would reveal the identities of

23  witnesses or jurors, the substance of testimony, the strategy or

24  direction of the investigation, the deliberations or questions of the

25  jurors, and the like."  <u>Standley v. Department of Justice</u>, 835 F.2d

26  216, 218 (9th Cir. 1987) (cleaned up).  The exceptions to this rule

27  of secrecy are narrow and defendant has failed to meet the high

28  burden to pierce grand jury secrecy.  His motion should be denied.

1   **II.   ARGUMENT**

2        **A.   Legal Standard**

3        The "proper functioning of our grand jury system depends upon

4   the secrecy of grand jury proceedings."  Douglas Oil Co. v. Petrol

5   Stops Northwest, 441 U.S. 211, 218 (1979) (noting that the Supreme

6   Court has consistently recognized this premise).  Indeed, "[s]ince

7   the 17th century, grand jury proceedings have been closed to the

8   public, and records of such proceedings have been kept from the

9   public eye.  The rule of grand jury secrecy . . . is an integral part

10  of our criminal justice system."  Id. at 218 n.9.  The Supreme Court

11  has consistently recognized that this indispensable secrecy of grand

12  jury proceedings "must not be broken except where there is a

13  compelling necessity."  United States v. Procter & Gamble Co., 356

14  U.S. 677, 682 (1958).  The grand jury is a public institution which

15  serves the community, thus its secrecy is necessary to uphold, for

16  this institution "might suffer if those testifying today knew that

17  the secrecy of their testimony would be lifted tomorrow."  Id.

18       This fundamental presumption of grand jury secrecy is now

19  embodied in Rule 6(e) of the Federal Rules of Criminal Procedure.

20  A court may permit disclosure of grand jury materials to defendant in

21  two narrow situations, under Rule 6(e)(3)(E)(i), when "preliminarily

22  to or in connection with a judicial proceeding," or Rule

23  6(e)(3)(E)(ii), when a defendant "shows that a ground may exist to

24  dismiss [an] indictment because of a matter that occurred before the

25  grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(i), (ii).  Defendant does

26  not have any ground to dismiss an indictment; indeed, there is not

27  even an indictment in this case.  Therefore, the only exception to

28

the strong presumption of grand jury secrecy is the exception in Rule 6(e)(3)(E)(i).

A court may permit the disclosure of grand jury materials to a party under Rule 6(e)(3)(E)(i) only when the requesting party has demonstrated a "particularized need" or "compelling necessity" for disclosure which outweighs the policy of grand jury secrecy. Douglas Oil Co., 441 U.S. at 217-22. The particularized need standard is sufficiently met when the parties show "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Id. at 222 (emphasis added).

Importantly, "[m]ere 'unsubstantiated, speculative assertions of improprieties in the proceedings'" or other matters "do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632 F.2d 832, 835-36 (9th Cir. 1980) (quoting United States v. Rubin, 559 F.2d 975, 988 (5th Cir. 1977), vacated on other grounds, 439 U.S. 810 (1978)); see also Costello v. United States, 350 U.S. 359, 363-64 (1956). Grand jury testimony is not to be "released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) (internal quotes and citation omitted).

Further, the "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co., 441 U.S. at 218. Courts in using their discretion to grant or deny such a motion to compel must consider the "possible effect upon the functioning of future grand juries," as well as the immediate

1   effect on the particular grand jury at issue.  <u>Id.</u> at 222

2   (acknowledging that "persons called upon to testify will consider the

3   likelihood that their testimony may one day be disclosed to outside

4   parties" and that "fear of future retribution or social stigma may

5   act as powerful deterrents to those who would come forward and aid

6   the grand jury in the performance of its duties").

7       **B.   Defendant Impermissibly Attempts to Use <u>Brady</u> to Engage in**

8           **a Fishing Expedition**

9       Defendant first attempts to compel discovery of grand jury

10  material by baselessly invoking <u>Brady v. Maryland</u>, 373 U.S. 83 (1963)

11  and speculating that grand jury information exists, and if such

12  information exists, that it might contain <u>Brady</u> information.  This is

13  pure speculation, and it does not trump grand jury secrecy.

14      <u>Brady</u> does not create an absolute right of access to grand jury

15  testimony or information.  <u>See</u> <u>United States v. Natale</u>, 526 F.2d

16  1160, 1170 (2d Cir. 1975) (<u>Brady</u> does not require that the government

17  disclose grand jury testimony of all witnesses); <u>Gollaher v. United

18  States</u>, 419 F.2d 520, 527 (9th Cir. 1969) (<u>Brady</u> does not support the

19  theory that the government must disclose grand jury testimony of

20  those it does not call as witnesses because those individuals may

21  have given testimony beneficial to defendant).  "The heart of the

22  holding in <u>Brady</u> is the prosecution's <u>suppression</u> of evidence"

23  favorable to the accused.  <u>Moore v. Illinois</u>, 408 U.S. 786, 794

24  (1972) (emphasis added).  The concept of 'suppression' implies that

25  the government has information in its possession of which the

26  defendant lacks knowledge and which the defendant would benefit from

27  knowing.  <u>See</u> <u>Giles v. Maryland</u>, 386 U.S. 66, 96 (1967) (White, J.,

28  concurring).

4

1    Here, defendant cannot plausibly claim that any purported grand
2    jury material that may exist as to him is both favorable to him and
3    to which he lacks knowledge of is being suppressed to qualify as
4    Brady.  The government has already complied with its Brady
5    obligations in this case and will continue to do so.  Presumably
6    defendant and his counsel can reasonably determine why or why not a
7    grand jury may or may not have indicted him for a felony assault
8    charged based on their assessment of the strength of the government's
9    case.  But that a grand jury may or may not have agreed with
10   defendant's and his counsel's assessment of the strength of the
11   evidence does not make it Brady.[1]

12   Defendant's other argument that "there is no reason to refuse to
13   tell defense whether or not a grand jury proceeding took place" is
14   simply wrong.  (Dkt. 43 at 4.)  The government is prohibited from
15   disclosing any information that would reveal "matters occurring
16   before the grand jury" under Rule 6(e), including "information which
17   would reveal the identities of witnesses or jurors, the substance of
18   testimony, the strategy or direction of the investigation, the
19   deliberations or questions of the jurors, and the like."  Standley,
20   835 F.2d at 218 (cleaned up).

21   Because whether this case was presented to grand jury is not
22   Brady and is prohibited from disclosure by the government under Rule
23   6(e), defendant's motion must be denied.

24
25
26
27
    [1] The government is also aware of its separate obligation to
28  produce any grand jury transcript that contains its witness's
    statements as required under the Jencks Act.

5

**C.    Defendant Has Not Met the Burden of Showing a Particularized Need Either**

Defendant's motion should be denied even if analyzed outside of a Brady claim.  Disclosure of grand jury material is still only warranted when a party shows that they seek material only to avoid a possible injustice in another judicial proceeding and that the need for disclosure is greater than the need for continued secrecy.  See Douglas Oil Co., 441 U.S. at 218-22.  Defendant's bald claim that grand jury material that might exist may be "unfavorable to the government and favorable to the defense" is still insufficient to show a compelling particularized need.  (Dkt. 43 at 4.)

Defendant's argument that any material may be favorable to him is based on mere speculation, which is insufficient to meet defendant's burden to pierce grand jury secrecy.  See Ferreboeuf, 632 F.2d at 835 ("speculative assertions of improprieties in the proceedings" do not supply the "particular need" required to outweigh the policy of grand jury secrecy); see also United Kingdom, 238 F.3d at 1321 ("[n]o grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information") (citation omitted); United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994) ("a bare allegation that the records are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement.").

Defendant tries to avoid his failure to show a compelling particularized need by shifting his burden to the government and arguing that there is "little interest in secrecy at this point" because the investigation is over.  (Dkt. 43 at 4.)  But if that were

6

the case, there would never be any need for grand jury secrecy after an investigation concludes.  That is not the law because Rule 6(e) still requires secrecy and defendant still has the burden of explaining why the rule of secrecy should be lifted; it is not the government's burden to explain why it should remain.  Even if it were, however, the policy implications of grand jury secrecy always remain.  Indeed, the most significant policy implications of grand jury secrecy that survives after a grand jury investigation is concluded is that secrecy encourages witnesses to testify fully and honestly without fear of retribution.  This consideration is to be given significant weight regardless of the status of the investigation.  See United States v. Sobotka, 623 F.2d 764, 767 (2d Cir. 1980).  And other than his speculative assertions, defendant utterly fails to try to explain why his need should trump this important policy consideration.

The need to hold defendants to their evidentiary burden prior to ordering the disclosure of grand jury materials is larger than any one individual case because the "proper functioning of our grand jury system depends on the secrecy of grand jury proceedings."  Douglas Oil Co., 441 U.S. at 218 (citations omitted).  Defendant's speculative theories are simply an attempt to breach grand jury secrecy.  This is unwarranted, and allowing defendant's motion to succeed would affect future cases and the institution of the grand jury.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion.