BILAL A. ESSAYLI
Acting United States Attorney
JOSPEH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
Major Frauds Section
JOSHUA J. LEE (Cal. Bar No. 318332)
Assistant United States Attorney
Domestic Security & Immigration Crimes Section
     1100/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6874 / 3183
     Facsimile: (213) 894-0141
     E-mail: Robert.Quealy@usdoj.gov
             Joshua.Lee2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-679-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE VIDEO EVIDENCE (DKT. 42) |
| v. | |
| JONATHON REDONDO-ROSALES, | Hearing Date: October 10, 2025 |
| Defendant. | Hearing Time: 8:30 am<br>Location:    Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Special Assistant United States Attorney Robert K. Quealy, and Assistant United States Attorney Joshua Lee, hereby files its opposition to defendant's motion in limine to exclude video evidence.

---

[1] Authorized to practice pursuant to Local Rule 83-2.1.4.2.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 2, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
ROBERT K. QUEALY
Assistant United States Attorney

JOSHUA J. LEE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Jonathon Redondo-Rosales ("defendant") has moved to exclude video evidence offered by the government at trial. See Dkt. 42 at 3. Specifically, defendant argues that no videos should be admitted unless the government can lay a foundation as to who created the videos and when.

First, the motion should be denied as premature. The government has not offered any exhibits into evidence, and any objections based on a lack of foundation or authenticity as to the admissibility of a particular piece of evidence being offered are appropriately made at the time an exhibit is offered into evidence. Second, to the extent the motion argues that video evidence is not admissible unless the individual who created the video is available to testify as to its authenticity, the motion should be denied. Video evidence may be authenticated by a witness who can identify the scene depicted in the video and testify that the video accurately represents the event or object in question.

**II.  BACKGROUND**

August 2, 2025, defendant was present among a group of protestors at the Alameda Street Entrance to the Roybal Federal Building located on the 500 block of North Alameda Street in Los Angeles. Defendant walked across North Alameda Street towards the federal building as a federal vehicle was exiting onto the street. Defendant stepped in front of the vehicle and then intentionally collapsed on the hood of the car. As victim Z.C., an FPS officer, and approximately two other FPS officers approached defendant to detain him for obstructing a government vehicle, defendant retreated

1 from victim Z.C. and swatted with his left hand towards Z.C.'s face.
2 The government has provided several videos of the assault to defense.
3 The videos include surveillance footage and bystander video captured
4 from social media.  The government intends to offer these videos into
5 evidence as part of its case-in-chief.
6 **III. ARGUMENT**
7     **A.  Videos are Generally Admissible**
8     Photographs and video recordings are generally admissible as
9 evidence.  See United States v. Stearns, 550 F.2d 1167, 1171 (9th
10 Cir. 1977).  Photographs should be admitted so long as they fairly
11 and accurately represent the event or object in question. United
12 Staes v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978).  The Ninth
13 Circuit has held that "[p]hotographs are admissible as substantive as
14 well as illustrative evidence." United States v. May, 622 F.2d 100,
15 1007 (9th Cir. 1980).  A recording is admissible upon a showing that
16 it is "accurate, authentic, and generally trustworthy." United
17 States v. King, 587 F.3d 956, 961 (9th Cir. 1978).  Photographs and
18 videos may be authenticated by a witness who "identif[ies] the scene
19 itself [in the photograph or video] and its coordinates in time and
20 place."  See Lucero v. Steward, 892 F.2d 52, 55 (9th Cir. 1989).  The
21 government need not necessarily call a specific witness to admit a
22 particular video or photograph. Rule 901(a) simply requires a
23 proponent of evidence to make a prima facie showing of authenticity
24 so that a reasonable juror could find "that the item is what the
25 proponent claims it is."  Fed. R. Evid. 901(a).
26     Here, the government intends to introduce video evidence through
27 a witness that was present during the events depicted in the video
28 and who has firsthand knowledge of what the videos purport to depict.

1  Specifically, the government intends to introduce such evidence
2  through the testimony of victim Z.C. and/or another FPS officer who
3  was present during the assault.  The witness is expected to testify
4  that he has direct knowledge of the events depicted, that he has
5  reviewed the videos being offered into evidence, and that these
6  videos are a fair and accurate representation of the events that the
7  witness was present for.  This expected testimony is more than
8  sufficient to establish that the videos depict what the proponent
9  claims they depict and that the videos are "accurate, authentic, and
10 generally trustworthy."

11        **B.    Cases Relied Upon by Defense do not Support Exclusion**

12        Defendant argues that the videos in question could have been
13 altered and are thus inadmissible absent testimony by the videos'
14 creators.  In support of defendant's position, defendant relies in
15 part on a Seventh Circuit case, Griffin v. Bell, 694 F.3d 817 (7th
16 Cir. 2012).  Bell involved the exclusion of a two-minute video
17 purporting to show an altercation which had lasted for over 20
18 minutes, and which appeared to contain gaps in the recording.  694
19 F.3d at 820.  The lower court excluded the video for two reasons:
20 lack of foundation and unfair prejudice; on appeal the defendant only
21 challenged the exclusion on the basis of foundation.  Id.  The
22 Seventh Circuit, upholding the exclusion of the video on the grounds
23 that plaintiff had failed to challenge its exclusion based on unfair
24 prejudice, stated, arguendo, that "[t]here were many valid reasons to
25 call into question the authenticity of the video and still
26 photographs, and many questions about the video that could be
27 answered only by the student who produced the recording."  Bell, 694
28 F.3d at 826-27.

Here, the videos capture the entire assault, and defendant has not cited any gaps or other issues that would suggest the videos have been altered.  Defendant merely speculates that the videos could have been altered.  Such conclusory and speculative statements are insufficient to exclude video evidence for a lack of foundation.  See Diaz v. County of Ventura, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. Jan. 8, 2021).  Moreover, the videos will be authenticated by testimony of percipient law enforcement witnesses.  Id.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion.