Katherine McBroom, CBN 223559
McBroom Law, P.C.
242 26th Street, Unit C
Santa Monica, CA 90402
Phone: (310) 666-5198
kmcbroom@mcbroomlegal.com

Attorney for Defendant
JONATHAN REDONDO-ROSALES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN REDONDO-ROSALES<br><br>Defendant. | CASE NO.  CR 25-679-CV<br><br>DEFENDANT JONATHAN REDONDO-ROSALES' *EX PARTE* APPLICATION FOR LEAVE TO FILE OBJECTIONS TO GOVERNMENT'S TRIAL MEMORANDUM; DECLARATION OF COUNSEL |

– 1 –

1  Defendant Jonathan Redondo-Rosales ("Mr. Redondo-Rosales") hereby
2  submits his *ex parte* application for leave to object to the government's trial
3  memorandum (Dkt 71), specifically that misstatements of fact and law are
4  contained in the introduction, statement of the charge, and statement of the case.
5  First, the government omitted that the vehicle at issue was intentionally driven
6  into Mr. Redondo-Rosales immediately prior to the alleged incident. Second, the
7  alleged victim has falsely claimed in police filings that Mr. Redondo-Rosales
8  punched him in the face with a closed fist, a statement belied by the video evidence.
9  Third, in its statement of the charge, the government omits the words "in the
10 performance of" from its citation to 18 U.S.C. § 111(a). The government is
11 required to prove that the alleged victim was "engaged in or on account of the
12 performance of official duties." (18 U.S.C. § 111(a).)  Fourth, in its statement of
13 the case, the government misrepresents Mr. Redondo-Rosales' defense of which
14 the government is well aware. The government writes, "the defense case appears
15 to center around making this a trial about what happened after defendant's assault
16 of FPS Officer Z.C., when the defendant was arrested." (Dkt 71, p. 2.) This is a
17 knowing misrepresentation. The government is aware that, prior to the alleged
18 assault, an unknown Department of Homeland Security officer intentionally ran
19 into Mr. Redondo-Rosales with a vehicle. Further, as set forth above, the alleged
20 victim made an intentionally false statement in his police report that the defendant
21 hit him in the face with a closed fist – a statement that video evidence demonstrates
22 is completely false. This misrepresentation is relevant to the defense case as is the
23 FPS officers' efforts to protect Officer Z.C. and conceal his knowing and unlawful
24 misrepresentation from the Court and jury.
25 On January 26, 2026, defense counsel informed the government of Mr.
26 Redondo-Rosales' intent to seek leave to object. On January 27, 2026, Special
27 AUSA Quealy responded that the government objects on procedural grounds,
28 specifically that Mr. Redondo-Rosales should file a trial memorandum addressing

1 his objections. The defense disagrees. Pursuant to the Court's Standing Order, in
2 its trial memorandum, the government must specify, after a meet and confer,
3 whether the parties agree or disagree on the matters set forth in the government's
4 trial memorandum. The government filed its trial memorandum within hours of
5 emailing it to defense counsel for review and comment. There was not a reasonable
6 opportunity to meet and confer on these issues. Accordingly, the government's trial
7 memorandum does not state whether the parties agree or disagree on the matters
8 stated therein.

DATED: January 27, 2026

*Katherine C. McBroom*
Katherine McBroom
Attorney for JONATHAN REDONDO-ROSALES

## DECLARATION OF KATHERINE C. MCBROOM

1. I am an attorney admitted to practice in the Central District of California. I am one of the attorneys that represents Defendant Jonathan Redondo-Rosales ("Mr. Redondo-Rosales"). I submit this declaration in support of Mr. Redondo-Rosales' *Ex Parte* Application for Leave to Object to the Government's Trial Memorandum.

2. Mr. Redondo-Rosales is charged with violating 18 U.S.C. § 111 (a)(1): Simple Assault on Federal Officer. Trial is set for February 3, 2026.

3. In his report and in a recorded statement, alleged victim FPS Inspector Z.C. claims that Mr. Redondo-Rosales struck him in the face with a closed fist. Video evidence demonstrates otherwise.

4. Further, video evidence shows that, prior to the alleged incident, an unknown Department of Homeland Security officer struck Mr. Redondo-Rosales with a vehicle.

5. Finally, the defense learned, independent of the government's discovery production, that FPS Officer Z.C., the alleged victim, suffered an assault conviction in 2021 which he concealed from the government.

6. The government is electing not to call Officer Z.C. as a witness.

7. On January 26, 2026 at 12:54 pm, the Special AUSA Robert Quealy emailed me a copy of the government's trial memorandum.

4. On January 26, 2026 at 6:15 pm the government filed its trial memorandum with the Court.

5. The government's trial memorandum contains misstatements of fact and law.

6. Trial is 7 days away. Accordingly, the defense seeks *ex parte* relief for leave to lodge objections to the government's trial memorandum for the Court's consideration.

7. Attached here as Exhibit 1 is a copy of Mr. Redondo-Rosales's

1 Objections to the government's trial memorandum.

2     8. On January 26, 2026, I emailed Special AUSA Quealy to inform him of Mr. Redondo-Rosales's intent to seek *ex parte* relief for leave to file objections to the government's trial memorandum.

    9. On January 27, 2026, Special AUSA Quealy responded that the government objects on procedural grounds, specifically that Mr. Redondo-Rosales should file a trial memorandum addressing his objections.

    10. The defense disagrees. Pursuant to the Court's Standing Order, in its trial memorandum, the government must specify after a meet and confer, whether the parties agree or disagree on the matters set forth in the government's trial memorandum.

    11. The government filed its trial memorandum within hours of emailing it to me. There was not a reasonable opportunity to meet and confer on the law and facts stated in the memorandum. Further, I had a medical appointment on the afternoon of January 26, 2026. Accordingly, I did not have a reasonable opportunity to review the trial memorandum and provide comments prior to the government filing it.

    I declare under penalty of perjury of the laws of the United States that, except for those matters stated on information and belief, the foregoing is true and correct. Executed this 27th day of January 2026, at Santa Monica, California.

                                          */s/ Katherine C. McBroom*
                                            Katherine C. McBroom