TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
Major Frauds Section
THI H. HO (Cal. Bar No. 293978)
Assistant United States Attorney
Asset Forfeiture Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6874 / 0596
     Facsimile: (213) 894-0141
     E-mail: Robert.Quealy@usdoj.gov
             Thi.Ho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-679-CV |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND GOVERNMENT'S OPPOSED MOTION TO DISMISS INFORMATION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 48(A) |
| v. | |
| JONATHON REDONDO-ROSALES, | |
| Defendant. | |

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California, Special Assistant United States Attorney Robert K. Quealy, and Assistant United States Attorney Thi H. Ho, hereby moves to dismiss without prejudice the information

---

[1] Authorized to practice pursuant to Local Rule 83-2.1.4.2.

against Jonathon Redondo-Rosales in the interests of justice, and therefore respectfully requests the Court grant its motion.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 5, 2026                    Respectfully submitted,

                                                          TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

                                                                /s/
ROBERT K. QUEALY
Special Assistant United States Attorney

THI HOANG HO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The parties agree that the information filed in this case should be dismissed; however, defendant JONATHON REDONDO-ROSALES ("defendant") objects to dismissal of the information without prejudice.  As explained below, dismissal with prejudice is an extreme remedy that is inappropriate in the instant circumstances.  As such, the government's motion to dismiss the information without prejudice should be granted.

**II.   STATEMENT OF RELEVANT PROCEDURAL HISTORY**

Defendant first appeared before a court in which the charge in this case was pending on August 5, 2025, and was detained.  (Dkt. 16; Dkt. 20).  The government filed the information in this case, charging defendant with Simple Assault of a Federal Officer in violation of 18 U.S.C. § 111(a), a Class A misdemeanor, on August 15, 2025.  (Dkt. 25).  Defendant filed an application for reconsideration of detention on August 28, 2025, which was denied by United States Magistrate Judge Rozella A. Oliver.  (Dkt. 29, Dkt. 30).  Jury trial in this matter was originally set by the Court for October 7, 2025; however, at defendant's request and without government objection, trial was continued three times to October 21, 2025, then again to December 16, 2025, and finally to February 3, 2025.  (Dkt. 37; Dkt. 50; Dkt. 52).

On January 30, 2026, the Court continued trial in this matter to February 17, 2026.  (Dkt. 88).  Defendant continues to be detained pending trial.  In addition to the pending matter, it is the government's understanding that the Superior Court of California,

County of San Diego, has a pending arrest warrant for defendant for an alleged parole violation.

On February 4, counsel for defendant contacted the government in response to the government's proposed offer of diversion and expressed concerns that the government might seek dismissal without prejudice in order to refile the case after the current assigned attorneys for the government returned from leave.  On February 5, 2026, the government contacted counsel for defendant regarding the proposed motion to dismiss without prejudice.  Counsel said that she continued to object to the government's motion to dismiss without prejudice.

**III.  ARGUMENT**

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information or complaint."  Fed. R. Crim. P. 48(a).  Any dismissal pursuant to Rule 48(a) is presumptively without prejudice.  See United States v. Brown, 425 F.3d 681, 682 (9th Cir. 2005) ("Dismissal by the government is generally presumed to be without prejudice 'unless a contrary intent is clearly expressed.'").  A district court is "duty bound" to grant the government's Rule 48(a) motion to dismiss without prejudice unless "it specifically determines that the government is operating in bad faith".  United States v. Hayden, 860 F.2d 1483, 1488 (9th Cir. 1988).  Only where a Rule 48(a) motion for dismissal is "prompted by considerations clearly contrary to the public interest" or where there is a genuine concern that the defendant would be subjected to prosecutorial harassment through charging, dismissing, and recharging should a district court deny a Rule 48(a) motion.  See United States v. Wallace, 848 F.2d 1464, 1468

(9th Cir. 1988); United States v. Mujahid, 491 F. App'x 859, 860 (9th Cir. 2012) (unpublished).

A court should dismiss an indictment or information with prejudice only under two narrow circumstances: (1) for a due process violation that is so grossly shocking and so outrageous as to violate the universal sense of justice or (2) under its supervisory powers to (a) remedy a constitutional or statutory violation, (b) protect judicial integrity by ensuring a conviction rests on appropriate considerations, or (c) to deter future illegal conduct. See United States v. Bundy, 968 F.3d 1019, 1030 (9th Cir. 2020). A dismissal with prejudice is reserved for only the most egregious violations because it implicates separation-of-powers issues. Id. at 1031; see also United States v. B.G.G., 53 F.4th 1353 (11th Cir. 2022) (emphasizing the limited circumstances in which a court can dismiss with prejudice).

The government believes that it is in the interest of justice to dismiss the information in this case so that the defendant can be remanded to the state of California for further proceedings on his alleged parole violation stemming from his 2023 felony conviction. As such, there is no need for the extreme remedy of dismissal with prejudice.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant its motion and dismiss the information without prejudice.

5